**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VIVENNE V. VASQUEZ-MILLS**<br>**3134 Monroe Street, NE**<br>**Washington, DC 20018,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**THE DISTRICT OF COLUMBIA**<br>**Office of the Attorney General**<br>**Attn:  Tanya Robinson**<br>**441 4th St., N.W., Suite 1100 South**<br>**Washington, DC 20001,**<br><br>**and**<br><br>**Office of the Mayor**<br>**Attn: Honorable Muriel Bowser**<br>**John A. Wilson Building**<br>**1350 Pennsylvania Avenue, NW,**<br>**Washington, DC 20004,**<br><br>        **Defendants.** | **Case No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Vivenne V. Vasquez-Mills, by and through her undersigned counsel, brings this Complaint

and states as follows:

### NATURE OF THE CLAIM

This is an action brought against the District of Columbia government to redress age and national

origin discrimination suffered by Plaintiff at the hands of the District of Columbia Public Schools

("DCPS"), an agency of the District of Columbia government.  Plaintiff, at the time of DCPS' illegal

acts, was 64 years of age.  She is of Puerto Rican descent.  She was an assistant principal at Bruce

Monroe at Park View Elementary School ("BM@PV Elementary School") who, despite having

received awards and helping the school improve its overall rating dramatically, received a "Notice of Non-Reappointment" at the end of the 2013 school year. She was replaced by a less qualified 38 year old Caucasian woman.

## JURISDICTION AND VENUE

1.   The action is brought under the Age Discrimination in Employment Act, 29 U.S.C. 623(a) ("ADEA"); Title VII of the Civil Rights Act of 1964, 49 U.S.C. 2000e-2; the District of Columbia Human Rights Act of 1977, D.C. Code Ann. 2-1401.01 et seq.; and the common law tort of interference with a prospective economic advantage.

2.   Jurisdiction is proper in Federal Court based on 28 U.S.C. 1331 (Federal Question) and 28 U.S.C. 1367 (Supplemental Jurisdiction).

3.   Venue is proper in this Court under 28 U.S.C. 1391 as the Defendant resides in this district.

4.   Plaintiff filed a Charge of Discrimination with the DC Office of Human Rights on November 15, 2013 (EEOC Charge of Discrimination No. 570201302025).  She received her "Right to Sue" letter from the U.S. Department of Justice, Civil Rights Division, on February 20, 2015 (Exhibit A).  Plaintiff has exhausted her administrative remedies and has instituted this suit timely.

## PARTIES

5.   Ms. Vasquez-Mills was born in 1949.  She is of Puerto Rican descent.  She has a BA degree from North Carolina State University; a Masters degree in Education and "English to Speakers of other Languages" ("ESOL") from George Washington University; and a Masters degree in Education Leadership from George Mason University. She is a resident of the District of Columbia. At all times pertinent to this complaint, she was employed by the DCPS.

6.   The District of Columbia government, through DCPS, is charged with the responsibility of educating the children of the District of Columbia.  The District of Columbia government is a covered employer under the ADEA.

## FACTS COMMON TO ALL COUNTS

7.  After a career with the Social Security Administration as an appeals analyst and later the Department of Defense as a computer network manager, Ms. Vasquez-Mills returned to college and obtained the first of two advanced degrees in education, as described above.

8.  In March 2003, she was hired by the Fairfax, Virginia school system as a Spanish/ESOL classroom teacher.

9.  Ms. Vasquez-Mills continued in that capacity during the 2003-04 and 2004-05 school years.

10. At the beginning of the 2005-06 school year, she was appointed as an assessment coach.  Her duties included analyzing student test scores and presenting the data in an understandable form.

11. In 2009, Ms. Vasquez-Mills left Fairfax and began her career with DCPS.

12. During the 2009-10 school year at DCPS, she was a "New Teacher Mentor."

13. As a New Teacher Mentor, Ms. Vasquez-Mills was in charge of 13 teachers; 7 at BM@PV Elementary School and 6 teachers at Deal Middle School.  She met regularly with each teacher for whom she was responsible, helped them develop lesson plans, observed instruction and then counseled them regarding difficulties in the classroom, and generally served as a mentor for each new teacher.

14. In August 2010, Ms. Vasquez-Mills was promoted to Assistant Principal at BM@PV Elementary School for the 2010-11 school year.

15. Prior to the 2010-11 school year, the student test scores at BM@PV Elementary School were poor (Student proficiency rates were 24% in reading and 23% in math).  Ms. Vasquez-Mills had disagreements with the principal and the instructional coaches at BM@PV Elementary School regarding the usefulness of the Singapore Math instructional program for the bilingual population. She recommended the hiring of a math instructional teacher, introduced technological upgrades, and sought to engage the students in learning by recognizing their different learning styles.

16. In February, 2011, Ms. Vasquez-Mills was recommended by the Instructional Superintendent for the New Leaders for New Schools Pilot Program designed to identify potential principals.

17. The DCPS reviews each of its employees semi-annually under the "DCPS Effectiveness Assessment System for School-Based Personnel" or as it is commonly known, the "IMPACT Assessment".

18. Under the IMPACT Assessment, each person is rated on a scale of 1-4, with a 3.5 and above being "highly effective", 2.5 to 3.4 being "effective", 1.5 to 2.4 being "minimally effective", and below 1.5 being "ineffective".

19. In her mid-year IMPACT Assessment during the school year 2011-12, Ms. Vasquez-Mills was given an overall score of 3.73, which equates to the "highly effective" rating (Exhibit B).

20. In her year-end Impact Assessment that same school year, Ms. Vasquez-Mills' rating was raised to 3.91, which was also "highly effective." (Exhibit C)

21. At the end of that school year, 2011-12, BM@PV Elementary School was recognized as having greatly improved student test scores and was designated as a "Developing" school in the DCPS system.

22. Ms. Vasquez-Mills was given a $5000 bonus in recognition for her work.  The principal received a $10,000 bonus. All other employees with at least an "effective" Impact rating received monetary rewards as well.

23. She continued to speak out against the further use of Singapore math and the lack of appropriate differentiated instruction designed to meet students at their individual learning styles.

24. During the next school year, 2012-13, Ms. Vasquez-Mills discouraged the use of Singapore math against the wishes of the instructional coaches. All student test scores at BM@PV Elementary School soared (to 40% in reading and 57% in math) to a level that the school was placed in the "Reward" category, the highest category available and held only by most schools "west of the park".

25. During that school year, the usefulness of Singapore math continued to be a topic of discussion among the school administrators and the instructional coaches.  Ms. Vasquez-Mills continued to speak out against the further use of Singapore math and had disagreements with the principal and the instructional coaches in that regard.

26. The Instructional Superintendent, Dr. Amanda Alexander, advised Ms. Vasquez-Mills not to disagree with her principal "in front of others".

27. At the end of the 2012-13 school year, Ms. Vasquez-Mills received her "Final School Leader IMPACT Report" from John Davis, Chief of Schools for DCPS (Exhibit D).

28. In that Final Report, Mr. Davis stated: "Congratulations!  Your student achievement goal attainment and school leadership performance have earned you a final IMPACT rating of Effective for the 2012-13 school year."

29. According to Mr. Davis, an Effective rating "signifies solid performance for the 2012-13 school year" and that "[s]chool leaders who earn this rating will progress normally (i.e., one step) on their pay scales."

30. The 2012-13 IMPACT Report advised Ms. Vasquez-Mills that her rating was based on her effectiveness in two components: (1) student achievement goals—measures of students' learning over the course of the year; and (2) leadership framework standards—measures of the effectiveness of school leaders' leadership practices.

31. In early May, 2013, Ms. Vasquez-Mills was summoned to her principal's office and advised that the Instructional Superintendent had decided that she, Vasquez-Mills, would not be returning to BM@PV Elementary School.

32. Shortly thereafter, Ms. Vasquez-Mills met with Dr. Alexander (the Instructional Superintendent) who informed her that she would not be reappointed to BM@PV Elementary School as assistant principal because of the low student test scores notwithstanding the fact that the student

test scores were higher than they had ever been at that school and notwithstanding Ms. Vasquez-Mills' consistent "Highly Effective" ratings on the IMPACT Assessments.

33. Under the criteria of the IMPACT Assessments, "School leaders who are non-reappointed will receive [an Ineffective] rating and be removed from an AP [Assistant Principal] position in the system."  Ms. Vasquez-Mills was never rated below "effective".

34. By letter dated May 17, 2013, Kaya Henderson, Chancellor, confirmed that Ms. Vasquez-Mills would not be reappointed (Exhibit E).

35. Ms. Vasquez-Mills was replaced by a 38 year old Caucasian woman, who the year before had been one of the instructional coaches at BM@PV Elementary School with whom Ms. Vasquez-Mills had had disagreements.

36. During the following school year, 2013-14, the first year of the new regime, the student test scores at BM@PV Elementary School plummeted and the school lost its ranking from the highest category "Reward" to the next to the lowest category "Focus".

37. No other school in the entire DCPS system lost that much student performance in one year.

38. Ms. Vasquez-Mills was advised that she could return to her previous position of "Teacher Mentor" but that position no longer existed in the DCPS.

39. Ms. Vasquez-Mills applied for two other vacant assistant principal positions but was not hired for either.

40. Ms. Vasquez-Mills fully intended to work until age 70.

41. By failing to reappoint Ms. Vasquez-Mills as assistant principal at BM@PV Elementary School and by failing to appoint her to a comparable position within DCPS, the District and DCPS unlawfully terminated Ms. Vasquez-Mills in 2013.

42.  The actions of the District and DCPS effectively denied Ms. Vasquez-Mills' full retirement benefits to which she would have otherwise been entitled.

43. In December 2014, Ms. Vasquez-Mills was hired by the Montgomery County, Maryland school system as an ESOL teacher, receiving substantially less compensation than she had received as an assistant principal in DCPS.

## COUNT ONE

## AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. 623(a))

44.  Plaintiff Vasquez-Mills restates and re-alleges each and every allegation contained in paragraphs 1 through 43 above.

45. An employer, such as the District of Columbia and DCPS, is prohibited from discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment because of that individual's age.

46. Ms. Vasquez-Mills was repeatedly given "Highly Effective" IMPACT assessments in her position as an assistant principal at BM@PV Elementary School until her last evaluation prior to non-appointment notification.

47. She was never given an "Ineffective" rating.

48. The reason given for her non-reappointment, poor student test scores, is contradicted by her 2012-13 Final School Leader IMPACT Report as well as the test scores released and posted on the State Superintendent of Education website.

49. Ms. Vasquez-Mills' replacement was a 38 year old Caucasian woman, a person substantially younger than she.

50. There is no reasonable factor other than age for the actions of the District of Columbia and DCPS.

**51.** As a direct result of the illegal acts of the District of Columbia and DCPS, Ms. Vasquez-Mills has been harmed and is entitled to recover damages under the ADEA.

## COUNT TWO

### NATIONAL ORIGIN DISCRIMINATION (42 U.S.C. 2000e-2(a) and D.C. Code Ann. 2-1401.11)

52.  Plaintiff Vasquez-Mills restates and re-alleges each and every allegation contained in paragraphs 1 through 51 above.

53. The Civil Rights Act of 1964, Title VII, prohibits discrimination because of a person's national origin. 42 U.S.C. 2000e-2(a) and 29 C.F.R. 1606.1 and 1606.8.

54. The District of Columbia Human Rights Act of 1977, prohibits discrimination because of a person's national origin.  DC Code Ann. 2-1401.11.

55. Ms. Vasquez-Mills is Hispanic, being of Puerto Rican descent.

56. Ms. Vasquez-Mills was informed that the Instructional Superintendent told the BM@PV Elementary School Principal that she, the Instructional Superintendent, did not like Puerto Ricans.

57. In Ms. Vasquez-Mills' presence, the BM@PV Elementary School Principal expressed disdain for "pushy" Puerto Ricans.

58. The person who replaced Ms. Vasquez-Mills was a young Caucasian woman.

59. Ms. Vasquez-Mills repeatedly received "Highly Effective" IMPACT ratings but was non-reappointed to her position and was replaced by a Caucasian.

60. Ms. Vasquez-Mills has been damaged by the illegal acts of the District of Columbia and DCPS and is entitled to compensation.

## COUNT THREE

### INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE

61. Plaintiff Vasquez-Mills restates and re-alleges each and every allegation contained in paragraphs 1 through 60 above.

62. Ms. Vasquez-Mills consistently received "highly effective" IMPACT assessments in her position as assistant principal save for the evaluation preceding the non-reappointment.

63. She had every reasonable expectation that she would continue in that position, whether at BM@PV Elementary School or some other school in the DCPS system.

64. When she was non-reappointed to BM@PV Elementary School, she applied for other comparable positions in the DCPS system but was turned down.

65. On two occasions, Ms. Vasquez-Mills made it through the entire interview process to be hired as an assistant principal in a DCPS school. She was not hired for either position.

66. The Instructional Superintendent has the final "sign off" on assistant principal hires.

67. She was unable to find other comparable work even though she tried.

68. She applied for and was hired as an ESOL teacher in Montgomery County public schools at a salary of at least $20,000 a year less than she was earning as an assistant principal in DCPS.

69. The District of Columbia, acting through DCPS, failed to reappoint Ms. Vasquez-Mills as an assistant principal at BM@PV Elementary School without cause and then did not place her in a comparable position within the DCPS system.

70. Ms. Vasquez-Mills had every reasonable expectation that she would work for DCPS until retirement and be entitled to full retirement benefits.

71. The District of Columbia's interference with Ms. Vasquez-Mills prospective economic advantage is based on its arbitrary destruction of her reasonable expectation of continued employment.

72. As a direct result of the District of Columbia's interference with Ms. Vasquez-Mills prospective economic advantage, she has been damaged and is entitled to compensation.

WHEREFORE, Plaintiff Vasquez-Mills prays for damages as follows:  back pay, front pay to age 70, full retirement benefits, liquidated damages under Count One, compensatory damages under Counts Two and Three, attorneys' fees, costs, and such further relief as the Court may consider just.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: May 7, 2015                         Respectfully submitted,

                                           /s/ James T. Pitts
                                           James T. Pitts, DC Bar #397392
                                           Bailey Law, PC
                                           PO BOX 25424
                                           Alexandria, VA 22313
                                           202-887-8040 (Tel/Fax)
                                           jpitts@baileylawpc.com
                                           *Counsel for Vivenne Vasquez-Mills*